UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD R. BUTLER,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,

    Defendant.

CASE NO. 3:17-cv-05635-DWC

ORDER GRANTING MOTION TO DISMISS

Plaintiff appeals from the final decision of the Administrative Law Judge ("ALJ") denying his applications for Social Security Disability Insurance benefits. Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Motion") based upon Plaintiff's failure to file a timely appeal of the ALJ's final decision. Dkt. 10. Plaintiff did not file an opposition to the Motion. *See generally* Dkt. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 8.

Plaintiff's Complaint was not filed within the sixty-day limitations period articulated in 42 U.S.C. § 405(g), and Plaintiff has not demonstrated extraordinary circumstances warranting equitable tolling. Thus, the Court grants Defendant's Motion and dismisses this case with prejudice.

## FACTUAL AND PROCEDURAL HISTORY

On February 6, 2016, an ALJ issued an unfavorable decision denying Plaintiff's claim for benefits under Titles II and XVI of the Social Security Act (Act). Dkt. 10-1, Exhibit 1, Declaration of Nancy Chung ¶ (3)(a). Plaintiff requested review of the decision by the Appeals Council. *Id*. On June 1, 2017, the Appeals Council mailed a notice to Plaintiff, with a copy to Plaintiff's attorney,[1] denying his request for review of the ALJ's decision, thus making the ALJ's decision the Commissioner's final decision. Dkt. 10-1, Exhibit 2 at 1-3. The notice from the Appeals Council informed Plaintiff if he wished to commence a civil action, he must do so within sixty days of the letter's receipt, which was assumed to be five days after the date of the denial of the request for review. Dkt. 10-1, Exhibit 2 at 3-4. The notice also informed Plaintiff he could request more time to file for judicial review. Dkt. 10-2 at 4.

On August 11, 2017, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* ("Motion for IFP"), which the Court granted, along with his Complaint. Dkts. 1, 3. The Court now considers Defendant's Rule 12(b)(6) Motion. Dkt. 10.

## LEGAL STANDARD AND CONSIDERATION OF EVIDENCE

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the grounds it "fails to state a claim upon which relief can be granted." To state a

---

[1] Plaintiff retained counsel through the administrative proceedings, but is now proceeding *pro se*. Dkt. 10-1 at 3.

claim for which relief may be granted, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Defendant attached the following exhibits to support the Motion: Declaration of Nancy Chung,[2] Exhibit 1: ALJ Decision; Exhibit 2: Appeals Council Denial of Review ("Exhibits"). *See* Dkt. 10-1. In ruling on a motion to dismiss, "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). If, on a motion to dismiss under Rule 12,

> matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

However, the Court may consider documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The Ninth Circuit has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Wheat v. Comm'r of Soc. Sec.,* 2017 WL 469311, at *3 (E.D. Cal. Feb. 3, 2017) (granting motion to dismiss for failure to file complaint within the sixty-day statute of limitations based on

---

[2] Nancy Chung is the Chief of the Social Security Administration's Court Case Preparation and Review Branch 1 of the Office of Appellate Operations. *See* Declaration at 1.

documents attached to defendant's motion to dismiss pursuant to Rule 12(b)(6)). Here, the Exhibits are ones upon which Plaintiff's Complaint depends, thus, the Court will consider them as incorporated by reference.

Here, Defendant contends dismissal is required because Plaintiff failed to file his Complaint within the sixty–day statute of limitations provided by 42 U.S.C. § 405(g). Although the statute-of-limitations defense is usually raised in an answer to a complaint, "it may be raised in a motion to dismiss when the running of the statute is apparent from the face of the complaint." *See Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987) (citing *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980)). "Such a motion to dismiss should be granted only if the assertions of the complaint, read with required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id*. (quoting *Conerly*, 623 F.2d at 119).

## DISCUSSION

**I. Untimely Complaint**

In the Motion, Defendant contends the case should be dismissed because Plaintiff's Complaint was untimely filed. Dkt. 10. Judicial review of the Commissioner's administrative decisions is governed by Section 405(g) and (h) of the Social Security Act, which authorizes federal judicial review of a final decision of the Commissioner within "sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); *Bowen v. City of New York,* 476 U.S. 467, 479 (1986) (Sections 405 (g) and (h) operate to constitute a sixty–day statute of limitations in which the claimant may appeal a final decision from the Commissioner). Pursuant to 20 C.F.R § 422.210(c), the date of receipt of is presumed to be five days after the date of notice.

The time limit set forth in section 405(g) is a condition on the waiver of sovereign immunity, and thus, it must be strictly construed. *Bowen*, 476 U.S. at 479; *see, e.g., Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming summary judgment in favor of Commissioner for untimely filing of one day); *Cairns v. Colvin*, 2014 WL 4929322, *3 (W.D. Wash. Oct. 1, 2014) (dismissing complaint where *pro se* plaintiff filed one day late).

Here, the Appeals Council mailed a notice to Plaintiff on June 1, 2017, with a copy to Plaintiff's attorney, denying his request for review of the ALJ's decision, thus making the ALJ's decision the Commissioner's final decision. Dkt. 10-1, Exhibit 1 at ¶ 3(a); Dkt. 10-1, Exhibit 2 at 4. The notice from the Appeals Council informed Plaintiff if he wished to commence a civil action, he must do so within sixty days of the letter's receipt and receipt of the letter was assumed to be five days from the date of the letter, or June 6, 2017. *Id*. The sixty-day deadline for Plaintiff to file his Complaint was August 7, 2017.[3] Plaintiff filed his Complaint on August 11, 2017, four days after the statute of limitations had expired. As Defendant points out, Plaintiff signed his Complaint on August 8, 2017, however, a civil action is commenced in federal court when the complaint is filed. Fed. R. Civ. P. 3. Moreover, even if Plaintiff had filed his Complaint on August 8, 2017, it would have been filed after the statute of limitations expired.

A complaint brought pursuant to 42 U.S.C. § 405(g) may be dismissed on a 12(b)(6) motion if it appears beyond doubt from the face of the complaint "that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995)). As it is apparent from the face of Plaintiff's

---

[3] August 5, 2017, fell on a Saturday, thus, the period would extend to "the next day that is not a Saturday, Sunday, or legal holiday[,]" which was Monday, August 7, 2017. Fed. R. Civ. P. 6(a)(1)(C). Therefore, Plaintiff was required to commence his civil action by August 7, 2017.

Complaint he did not properly file within the prescribed statutory period, Plaintiff's Complaint is dismissed as time barred.

## II. Equitable tolling

Defendant further argues there are no circumstances in this case to justify equitable tolling of the statute of limitations period. [4] Dkt. 10 at 6. Despite Plaintiff's Complaint being untimely, a Court should not dismiss a case as untimely unless "the assertions of the complaint, read with required liberality, would not permit the plaintiff to prove that the statute was tolled." *Vernon*, 811 F.2d 1274, 1278 (9th Cir. 1987) (*citing Conerly*, 623 F.2d at 119). "Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1998). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Social Security Administration regulations governing extensions of time for filing are based on considerations of fairness to claimants, and therefore, an extension may be granted where a suit was not timely filed because of illness, accident, destruction of records, or mistake. *Bowen*, 476 U.S. at 480. An extension may also be granted where the claimant misunderstands the appeal process or is unable to timely collect necessary information, or where the Secretary undertook action which "misled" the claimant concerning his right to review. *Id*. at 480, n. 12 (citing 20 C.F.R. §§ 404.911, 416.1411).

---

[4] The Court also notes that Plaintiff was notified of his right to seek and could have sought an extension with the Commissioner to extend the sixty-day deadline to file a civil action. *See* 42 U.S.C. § 405(g). However, as of October 5, 2017, the date Nancy Chung signed her declaration, Plaintiff had not requested an extension, nor is the Court is not aware of an extension filed between October 5, 2017 and the date of this Order. Dkt. 10-1, Exhibit 1 at ¶ 3(b),

Plaintiff has not filed an opposition to the Motion and thus has provided no argument the statute of limitations should be equitably tolled. Plaintiff's Complaint lacks any factual allegations demonstrating circumstances for which the statute of limitations should be tolled in equity. Thus, there is no meaningful dispute the Defendant or any other agent of the Social Security Administration has, through wrongful conduct, prevented Plaintiff from asserting his claim or that an extraordinary circumstance beyond the Plaintiff's control made it impossible for him to timely file the Complaint. Therefore, the sixty-day time restriction set forth in 42 U.S.C. § 405(g) bars review of the administrative decision denying the claim for Social Security benefits, and no special circumstances exist which warrant this Court to toll the limitation period. *See e.g., Ray v. Colvin*, 2014 U.S. Dist. LEXIS 177105 (C.D. Cal. Dec. 22, 2014) (granting motion to dismiss despite Plaintiff's unanswered request for a thirty-day extension of the filing deadline); *see also Middleton v. Astrue*, 2010 WL 2219662, at *2 (N.D. Cal. 2010) (granting motion to dismiss with leave to amend after plaintiff filed complaint eleven days late but did not request an extension of time).

## CONCLUSION

For the reasons stated above, Defendant's Motion is GRANTED, and Judgment shall be entered dismissing this action with prejudice.

Dated this 14th day of December, 2017.

David W. Christel
United States Magistrate Judge